NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

_____
In re:                                          :     Bankruptcy Case No. 03-26318
                                                :
Richardson Industrial Contractors, Inc.         :     Chapter 7
                                                :
      Debtor.                                  :
_____:
                                                :
Andrea Dobin, Chapter 7 Trustee                 :
                                                :
      Plaintiff                                :
                                                :
vs.                                             :     Lead Adversary No. 04-1677
                                                :     (Consolidated w/ Adv. No. 04-1276)
United States of America                        :
Internal Revenue Service, et al         :
                                                :
      Defendants                               :     **MEMORANDUM OPINION**
_____:

**APPEARANCES**

Attorney for Salvatore and Deanne Arnone
Deirdre Pacheco, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095

Attorney for Treacy, Schaffel, Moore & Mueller
Gary Mueller, Esquire
Treacy, Schaffel, Moore & Mueller
1120 Bloomfield Avenue - PO Box 1289
West Caldwell, New Jersey 07007-1289

Mr. Larry Blumenstyk, Pro Se
PO Box 2285
Morristown, New Jersey 07962-2285

<u>The Honorable Kathryn C. Ferguson, USBJ</u>

The trial in this matter concluded on January 19, 2006, and the court reserved decision. The parties filed their post-trial submissions by February 6, 2006. The following represents the court's proposed findings of fact and conclusions of law.

This matter has a convoluted procedural history. On February 17, 2004, Treacy, Schaffel, Moore & Mueller ("TSM&M") filed an adversary proceeding against Andrea Dobin, as Trustee for Richardson Industrial Contractors, Inc. On May 25, 2004, that adversary proceeding was consolidated with a complaint filed by the Trustee that sought to have various creditors prove the extent and validity of their liens and related relief. Based on various rulings by this court, the Trustee no longer sought to prosecute the lien validity litigation. Certain creditors who were parties to the Trustee's complaint, namely Salvatore and Deanne Arnone and Larry Blumenstyk, stepped in and proceeded with the balance of the litigation.

Following summary judgment motions, the sole remaining issue for trial was the relief sought in Count Two of TSM&M's complaint. That Count alleged that TSM&M had a vested property interest in the sum of $53,500 for legal fees earned by TSM&M in the Moniaros Action by virtue of an assignment dated September 23, 1994. The Count further alleged that TSM&M performed all actions necessary to perfect its security interest against the fund held by the Superior Court of New Jersey. On May 9, 2005, the court denied a motion by the Arnones for dismissal of Count Two of the TSM&M complaint.

TSM&M argues in its Post-Trial Submissions that its proof of claim is presumptively valid because no party in interest filed an objection. *See*, Fed. R. Bankr. Pro. 3001(f). As a result, TSM&M asserts that the Arnones and Mr. Blumenstyk would have the burden of producing evidence to overcome that

2

presumption. TSM&M's position is simply incorrect as a matter of law: The adversary proceeding itself is an objection to the proof of claim. Fed. Rule Bankr. Proc. 3007 requires only that an objection to the allowance of a claim be in writing and filed, and served on the claimant at least 30 days prior to any hearing. A complaint certainly fullfills those requirements. Moreover, Fed. Rule Bankr. Proc. 3007 expressly contemplates that an objection combined with a request for other relief be treated as an adversary proceeding. Many courts have held, with little fanfare or discussion, that an objection to a claim may be contained within an adversary proceeding. *See, eg* Greenblatt v Steinberg 399 B.R. 458 (N.D.Ill. 2006); MC Asset Recovery, LLC v Southern Co. 339 B.R. 380 (N.D.Tx 2006). The court in In re Lexington Healthcare Group, Inc. 2006 WL 771325, *6(Bkrtcy.D.Del.), expressly rejected the argument made by TSM&M here in holding that "[t]he fact that adding a claim under Rule 7001 to an objection to a claim requires all be heard as an adversary proceeding does not mean that an objection to a claim alone cannot be heard as an adversary proceeding."

Accordingly, the ultimate burden of persuasion remains with TSM&M to prove its claim by a preponderance of the evidence. In re Allegeny International, Inc., 954 F.2d 167 (3d Cir. 1992); In re BRI Corporation, 88 B.R. 71 (E.D. Pa. 1988).

At the conclusion of TSM&M's case, Mr. Blumenstyk moved for a directed verdict pursuant to Fed. R. Civ. Pro. 52 and the court reserved decision. *Tr. 12/13/05* at 78. The basis for the motion was that it had not been clearly established that TSM&M is the proper party because that firm is not the named assignee. *Tr. 12/13/05* at 69. The assignment that is at the crux of this case bears the name Buckley, Treacy, Schaffel, Mackey, Abbate & Moore. [P-8] The name of the firm that was retained by RICI in 1992 was Buckley, Treacy, Schaffel, Mackey & Abbate. [P-1; retainer agreement dated July 30, 1992]

3

It is unclear from the record when the firm of Treacy, Schaffel, Moore & Mueller came into existence.

The motion for a directed verdict was not the first time this issue was raised. The Arnones raised the issue in their motion to dismiss Count Two of TSM&M's complaint. In response, TSM&M submitted the certification of Gary Mueller which stated that TSM&M is the successor to Buckley, Treacy, Schaffel, Mackey, Abbate & Moore. The court found that certification, although conclusory, to be sufficient to satisfy the very low threshold established by Fed. R. Civ. Pro. 12(b)(6). The Third Circuit has consistently held that a complaint should not be dismissed for failure to state a claim unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Quinones v. United States, 492 F.2d 1269, 1273 (3d Cir 1974)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(emphasis added)). Accordingly, the court did not dismiss Count Two to give TSM&M an opportunity to prove at trial that it is the proper party.

TSM&M's Pretrial Memorandum indicated that the testimony "will show" that the same attorneys at the same address represented RICI in the Moniaros matter from its inception in 1992 to the firm's withdrawal in 2003 and that RICI did not have any basis to believe that it was ever dealing with a different law firm. *Pretrial Memorandum* at 10. The Memorandum then cites a Bar Association opinion in support of the argument that TSM&M is the successor firm to Buckley, Treacy, Schaffel, Mackey, Abbate & Moore for purposes of the assignment. The opinion relied upon, New York State Bar Association Opinion on Professional Ethics No. 622 (1991), does not stand for that proposition. That Opinion addresses when it is appropriate for a new law firm to use the name of a deceased partner of the predecessor law firm in the name of the new firm. The Opinion provides no guidance on how to determine if the right to a fee belongs to the original firm retained by the client, or if a lawyer has a right to bring it with him to a new firm.

The evidence in the record reveals the following: TSM&M was not the firm that was retained by RICI in 1992 [P-1]; it was not the firm name on the Assignment dated September 23, 1994 [P-8]; it was not the name on the U.C.C.-1 financing statement filed February 24, 1995 [P-9]; and it was not the name on the U.C.C.-3 continuation statements filed in New York and New Jersey in 1999 [P-10]. The first time the name TSM&M appears with regard to the Assignment is on the U.C.C.-3 continuation statements filed in February 2005. [P-11] Tellingly, the continuation statement filed in New Jersey still lists " Buckley, Treacy, Schaffel, Mackey, Abbate & Moore" as the secured creditor, but identifies "Buckley, Treacy, Schaffel, Mackey, Abbate c/o TSM&M" as the party to whom the acknowledgment should be sent. Similarly, the continuation statement filed in New York lists "Buckley, Treacy, Scffel [sic], Mackey, Abbate & Moore" as the secured creditor, but in the acknowledgment box lists "Buckley, Treacy, Schaffel, Mackey, Abbate & Moore, now known as Treacy, Schaffel, Moore & Mueller". In neither continuation statement is the box regarding an assignment checked. In all of these documents the address of Buckley, Treacy, Schaffel, Mackey, Abbate as well as Buckley, Treacy, Schaffel, Mackey, Abbate & Moore is listed as 111 Broadway, New York, NY 10006. The proof of claim that was filed in this bankruptcy case was in the name of TSM&M and the address listed was 1120 Bloomfield Ave., PO Box 1289, West Caldwell, NJ 07007. [P-17]

TSM&M did not present an assignment of the claim from Buckley, Treacy, Schaffel, Mackey, Abbate & Moore to TSM&M for entry into evidence. In response to the motion for a directed verdict, TSM&M contended that no assignment was needed because all that was involved was a mere name change. *Tr. 12/13/05* at 75. No testimony in the record supports that contention, and the continuation statements suggest otherwise. Despite the fact that TSM&M was aware that the correct identity of the claim holder

was an issue, it did not devote any time at trial to explaining the relationship between itself and Buckley, Treacy, Schaffel, Mackey, Abbate & Moore.

TSM&M likewise contended in its Pre-Trial Memorandum that the testimony would show that the attorneys in the two firms remained the same and merely the name changed. No testimony established such a continuity of personnel. It may or may not be the case that there is no difference between the Buckley firm and TSM&M other than the name on the door, but that fact surely was not sufficiently established at trial.

TSM&M's argument that the testimony of Mr. Moore and Mr. Richardson is sufficient to show the line of succession, even if accurate, misses a finer point.[1] Ultimately, it is immaterial whom Mr. Richardson regarded as his attorney or how often Mr. Moore had been personally involved with the representation of various Richardson entities and family members. What is important is the business practices of the former firm, the business practices of the current firm and what arrangements, if any, the firms had with regard to accounts receivable. The court is well aware that many law firms do not have written partnership or dissolution agreements that spell out who "owns" files and has a right to the accounts receivables generated from them; however, there was no testimony from Mr. Moore as to how that was handled at Buckley, Treacy, Schaffel, Mackey, Abbate and later at Buckley, Treacy, Schaffel, Mackey, Abbate & Moore[2]. The absence of such testimony is pivotal, since no written agreement regarding fees was entered into

---

[1] TSM&M makes that argument several times: in its Pretrial Memorandum, in response to the motion for a directed verdict, and finally in its Post-Trial Submissions. In the Post-Trial Submissions at ¶ 12 it states that the "testimony of Harry Richardson and Thomas Moore were sufficient to determine that the law firm which received the Assignment has continued to the present through the name of TSM&M, and therefore that TSM&M is the proper party in interest." Conspicuously absent is a citation to any portion of the transcript where such testimony was proffered.

[2] During the course of the trial it became apparent that the billing practices and record keeping of all the firms left a great deal to be desired.

evidence and the customs for allocating fees vary widely. As a result, it is perfectly plausible for the court to conclude that any fees generated from Richardson matters belonged to the Buckley firm as a whole and not to Mr. Moore. If so, when Mr. Moore became associated with TSM&M, he would not have been entitled to fees generated prior to that when he was associated with the Buckley firm. Adding to the uncertainty about whether the Richardson entities were clients of the Buckley firm or Mr. Moore individually is the fact that Mr. Moore testified that he did not become a partner at the Buckley firm until 1979, but that the firm began to do construction litigation work for Richardson Engineering beginning sometime in the mid-70's. The fact that the Buckley firm's representation of Richardson entities pre-dated Mr. Moore's membership with the firm further calls into question the assertion that RICI was Mr. Moore's personal client rather than a client of the Buckley firm or any of its partners. The court cannot find that the claim belonged to either the Buckley firm, Mr. Moore or TSM&M on the record. Since it is TSM&M's burden to establish its entitlement, this uncertainty dooms TSM&M's complaint.

While informality may be the norm for law firms with regard to the entitlement to fees, firms act cavalierly at their own peril when a third party steps in and claims rights to the fees at issue.

On the record established at trial, the court is unable to find that TSM&M has established that it has rights under the assignment given to Buckley, Treacy, Schaffel, Mackey, Abbate & Moore. As

previously stated, it is the claimant's burden to establish entitlement to the amount sought in the proof of claim. TSM&M has not met that burden. The motion for a directed verdict denying the relief sought in Count Two of the TSM&M Complaint is granted. Mr. Blumenstyck shall submit a form of order consistent with this opinion.

_____
KATHRYN C. FERGUSON, USBJ
US Bankruptcy Court

Dated: April 24, 2006